UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| LARRY SALTERS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 3:16-cv-02255 |
| | ) | Chief Judge Sharp |
| v. | ) | |
| | ) | |
| DICKSON COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Plaintiff Larry Salters, an inmate of the Dickson County Jail in Charlotte, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against the Dickson County Jail, Deputy f/n/u Neumyer and "Nurse Karen" l/n/u, alleging violations of his civil rights. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.    PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

1

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.     PLRA Screening**

The plaintiff seeks relief pursuant to § 1983.  To state a claim under § 1983, the plaintiff must allege and show:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327,

2

330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, the complaint alleges that, on May 18, 2016, while an inmate of the Dickson County Jail, the plaintiff slipped and fell in the D-60 area pod after stepping into a puddle of water. As a result of his fall, the plaintiff injured his right elbow and hip. After a day and a half, the plaintiff was able to see Nurse Karen l/n/u who told the plaintiff that "there's nothing wrong with [his] elbow or hip." (Docket No. 1 at p. 5). The complaint alleges that x-rays were taken, but the plaintiff was not permitted to see them.

First, the plaintiff's complaint names as a defendant the Dickson County Jail. However, the Dickson County Jail, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Dickson County Jail, and all claims against the Dickson County Jail will be dismissed.

Next, the complaint alleges that, after his slip and fall incident, the plaintiff was not able to see a jail nurse for over twenty-four (24) hours. To the extent that the complaint proposes a claim based on the delay of medical treatment, delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. Such delays do not rise to the level of a constitutional violation, however, unless a plaintiff complains that he suffered a detrimental

effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Complaints of malpractice or allegations of negligence are insufficient to entitle a plaintiff to relief under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake*, 537 F.2d at 860 n. 5 (6th Cir. 1976).

Here, the complaint acknowledges that the plaintiff was examined by a nurse after his slip and fall. He received x-rays as part of his medical examination. However, the plaintiff is unhappy that he waited over twenty-four (24) hours to see the nurse and that the nurse did not permit him to view his x-rays. Thus, the plaintiff received some medical attention and merely disputes the adequacy of the medical treatment he received. Furthermore, the complaint does not allege that the delay in providing medical care for the plaintiff's elbow and hip injuries caused the plaintiff to suffer a detrimental effect to his health or that the plaintiff has suffered because he did not receive a different treatment for his injury. Therefore, the court finds that the complaint fails to state Eighth Amendment claims upon which relief can be granted against the individual defendants. These claims will be dismissed.

### III.    Conclusion

As set forth above, the court finds the plaintiff's complaint fails to state claims upon which

relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court must dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

    An appropriate order shall be entered.

*Kevin H. Sharp*

Kevin H. Sharp
Chief United States District Judge